## Tackett et al. v. Home Owners' Loan Corporation.

March 14, 1941.

Joe P. Tackett for appellants.
Joe Hobson for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, Home Owners' Loan Corporation, filed this action against the appellants, Joe P. Tackett and his wife, seeking judgment on a note for $2,097.71 and the enforcement of a mortgage by which the note was secured. The note was payable in monthly installments of $16.59 and the mortgage contained a precipitation clause providing that in default of payment of any installment for a period of ninety days the holder might

declare the entire debt due. Certain payments were alleged to have been made, leaving installments more than ninety days overdue and the entire debt was declared to be due. It was also alleged that H. O. L. C. had paid out $46.56 in insurance premiums for insurance it was entitled to take out pursuant to the terms of the mortgage and judgment was sought for this amount also.

Appellants answered claiming the credits should be $397.89, somewhat more than the credits set out in the petition. They further alleged that H. O. L. C. had incorrectly calculated interest and denied that they should be charged with the $46.56 insurance premium since they had kept the property insured and paid the premium themselves.

H. O. L. C. demurred to the answer and this demurrer was sustained to all paragraphs except that paragraph denying the propriety of the $46.56 insurance premium paid by H. O. L. C.

After the action was filed the property covered by the mortgage was demaged by fire and appellants agreed on a settlement with the insurance company by which $138 was paid to H. O. L. C. to be credited on the note.

After the payment of the insurance money H. O. L. C. filed amended petition setting out its payment as a credit and also crediting appellants with other payments aggregating $397.89, the exact amount claimed by appellants in their answer. By this amendment judgment was sought for the principal amount of the mortgage note with interest at five percent from date, the interest rate provided in the note, subject to the credits, and for the insurance premium.

By amended answer appellants denied that none of the installments had been paid except those payments set out in the amended petition but failed to allege any other payments than those with which they were credited—a denial which, of course, amounted to nothing. They also denied that payments were in default more than ninety days and denied that the balance due on the mortgage was as alleged by H. O. L. C. This was also a denial amounting to nothing as it was a mere conclusion of law—undenied allegations of facts showed that payments were more than ninety days overdue. By the second paragraph they put in issue H. O. L. C.'s right to

charge them with the insurance premium and by the third paragraph they claimed credit for the $138, insurance money, for which they had been given credit in the amended petition. Demurrer was sustained to the answer as amended and judgment was rendered for $2,097.71, the face of the note, with interest at five percent from its date, December 7, 1934, subject to the credits set out in the amended petition—this judgment did not include the $46.56 insurance premium. The lien of the mortgage was ordered enforced. The property was duly sold by the Commissioner and report of sale filed and confirmed without exceptions; deed was executed to H. O. L. C., the purchaser. On this appeal it is contended by appellants that error was committed in sustaining the demurrer and in denying them an opportunity to plead further. It is also contended that the payment of the $138 insurance money to H. O. L. C. after the action was filed deprived it of the right to continue to avail itself of the precipitation clause in the mortgage.

In insisting that the demurrer was improperly sustained appellants are proceeding on the theory that an issue was made by the answer and that it was the duty of H. O. L. C. to explain its method of calculating interest. In this there is no merit. The amended petition merely sought judgment for the amount of the note with five percent interest from its date, as provided in the note. This amount was admitted by the answer and no credits were claimed except those given by the petition as amended. No issue was raised by the answer and there was no obligation on H. O. L. C. to explain the method of calculating interest—the law itself prescribes the proper method of interest calculation. The petition as amended contained all that was necessary for the entry of a valid judgment. An issue was raised as to the insurance premium of $46.56 but judgment was not taken for this item so it passed out of the picture. The judgment as entered was for the exact amount due and owing by appellants and the amount admittedly due and owing by the pleadings.

The complaint that no opportunity to plead further was given is without merit since the judgment recites that appellants failed to plead further when the demurrer was sustained and the record shows no offer of an amended pleading.

Nor is there any merit in the contention that the payment of $138 after the action was filed deprived H. O. L. C. of its right to rely on the precipitation clause. The entire amount of the note was due by reason of H. O. L. C.'s exercise of the option given it. The entire amount remained due and could only be satisfied by payment in full in the absence of express agreement to the contrary—no such agreement was alleged. Even after the payment of this sum appellants were in default more than ninety days and H. O. L. C. was entitled to continue to regard the entire note as due.

Appellants insist that they were ready and willing at all times to pay the correct amount due and thereby save their home. The judgment was for the correct amount due, admittedly due by the pleadings. A payment of the judgment would have prevented the sale.

Judgment affirmed.